Eddie N. BARBOUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 53039.

Court of Criminal Appeals of Texas.

May 11, 1977.

Rehearing Denied June 8, 1977.

Ronald R. Waldie, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb and Rider Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for driving a motor vehicle on a public highway while intoxicated. Punishment was assessed at a year and six months in jail and a fine of $50.00.

The effect of appellant's initial complaint on appeal, where he is represented by retained counsel, is that he was deprived of his constitutional right to counsel and that he represented himself without the obligatory warnings and admonishments.

The complaint and information were filed May 7, 1975. The cause was thereafter passed several times apparently at appellant's request. On September 11, 1975, appellant's retained counsel was allowed to withdraw on the stated ground of conflict and antagonism between attorney and client and the case was passed again to allow appellant to hire another attorney. On November 11, 1975, before the trial began, the record reflects the following:

"THE COURT: Mr. Barbour, the State has announced ready in your case, your case has been set several times before and you have indicated at this time that you want to represent yourself and that you do not intend to employ a lawyer, is that the way you feel?

"MR. BARBOUR: I was advised by an attorney to represent myself.

"THE COURT: Whatever advise you received, at this moment, do you intend to represent yourself?

"MR. BARBOUR: Yes, Your Honor.

"THE COURT: What is the highest grade of education that you have attained?

"MR. BARBOUR: Bachelor of Arts, University of Southern California.

"THE COURT: How are you employed?

"MR. BARBOUR: Unemployed, Your Honor.

"THE COURT: What is your major type of employment when you are employed?

"MR. BARBOUR: Real estate broker, life insurance and disability insurance and casualty insurance, but all in the state of California.

"THE COURT: How old are you?

"MR. BARBOUR: Fifty-four.

"THE COURT: Were you born in the United States?

"MR. BARBOUR: Yes.

"THE COURT: Do you speak the English language and understand the English language?

"MR. BARBOUR: Yes.

"THE COURT: All right. Just have a seat. If you want to get a cup of coffee and be back in about thirty minutes, sir, we will be ready to start."

There was no further inquiry into the matter nor any further investigation into the question of indigency. Likewise, there was no warning to appellant as to the wisdom or practical consequences of the choice of representing himself.

The record reveals that appellant was totally unacquainted with trial procedure and represents a classical example of why a layman accused, regardless of his level of education, should not attempt to represent himself. The trial court was constantly interrupting the trial attempting to explain procedure to the appellant and telling him what he could and could not do.

From the evidence, mostly from appellant's own testimony, we glean the following facts. Appellant lived in California for 27 years where he stated he was a real estate broker and was in the insurance business prior to his return to Texas. Just when he returned to Texas was not re-

vealed. He did state after returning his last employment was for six months in 1974 and that prior to that time he was convalescing while being supported by his wife. He related that at the time of his arrest he was on his way to a disability hearing at the Veterans Administration. At the penalty stage of the trial appellant stated he had no income and "his wife was taking care of things."

It is well settled that the Fourteenth Amendment to the United States Constitution extends to the states as a matter of due process the Sixth Amendment provision of the same Constitution that in all criminal prosecutions the accused shall enjoy the right to the assistance of counsel for his defense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App. 1976), and cases there cited. The constitutional right is applicable to both felony [*Gideon v. Wainwright*, supra] and misdemeanor cases [*Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)]. Article I, § 10, of the Texas Constitution also provides for the right to counsel for an accused in a criminal prosecution. These provisions have been interpreted as requiring the appointment of counsel where the accused is indigent. *Gideon v. Wainwright*, supra; *Argersinger v. Hamlin*, supra. The appointment of counsel for indigents is also required by statute. See Article 26.04, Vernon's Ann.C.C.P.

It is well established that an accused may waive his right to counsel. *Argersinger v. Hamlin*, supra; *Webb v. State*, supra; *Ex parte Ross*, 522 S.W.2d 214 (Tex.Cr.App. 1975); *Smith v. State*, 513 S.W.2d 586 (Tex. Cr.App.1974); *King v. State*, 473 S.W.2d 43 (Tex.Cr.App.1971); *Carey v. State*, 455 S.W.2d 217 (Tex.Cr.App.1970); *Sanchez v. State*, 454 S.W.2d 210 (Tex.Cr.App.1970). For a waiver of counsel to be valid, it must be voluntarily and knowingly made. *Parker v. State*, 545 S.W.2d 151, 155 (Tex.Cr. App.1977); *Ex parte Ross*, supra; *Webb v. State*, supra; *Smith v. State*, supra; *Lewis v. State*, 501 S.W.2d 88 (Tex.Cr.App.1973).

Waiver may be defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waiver of the right to counsel will not be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App.1970); *Baker v. State,* 519 S.W.2d 648 (Tex.Cr.App.1975); *Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App. 1976). A waiver will not be "lightly inferred," and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst,* supra. And a heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr. App.1970).

In *Argersinger v. Hamlin,* supra, the United States Supreme Court wrote:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

■ In light of the record before us, we cannot conclude from the evidence that an affirmative waiver is reflected or that the State sustained the heavy burden which rests upon it to demonstrate such a waiver. See *Parker v. State,* supra.

It has, of course, been held in this State that a trial court may not force an accused to accept an attorney if he wishes to waive representation and defend himself. *Webb v. State,* supra, and cases there cited. And the United States Supreme Court in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. The court noted as it did in *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1943), that the Sixth Amendment right to assistance of counsel

implicitly embodies a "correlative right to dispense with a lawyer's help."

In *Faretta* the Court wrote:

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits . . . Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"

In *Webb v. State,* supra, this court stated:

"When an accused makes known his desire to represent himself, the court should take care to ascertain that he fully understands the consequences of waiving his right to representation of counsel and proceeding to represent himself."

In the instant case, not only does the record fail to reflect a voluntary and knowing waiver of the right to counsel, retained or appointed, but the record does not reflect that the appellant was made aware of the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that his choice was made with his "eyes open."

Therefore, the cause is reversed and remanded.

ODOM, Judge, dissenting.

The majority reverse this conviction because the incomplete record before us fails to reflect a voluntary and knowing waiver by appellant of his right to counsel and because that incomplete record fails to reflect that he was made aware of the dangers and disadvantages of self-representation.

If the issue is to be addressed on the merits despite the deficiencies in the record,

the ground of error should be overruled. The record that is before us presents facts suggesting appellant has manipulated his right to counsel in such a manner as to defeat the orderly process of justice.

In *Thomas v. State*, 550 S.W.2d 64 (Tex. Cr.App., 1977), the defendant was represented for five months before trial by appointed counsel. On the day of trial he complained for the first time that he did not want to be represented by that attorney. The author of the majority opinion and I agreed in his dissent to reversal of Thomas' conviction that such manipulation of the right to counsel should not be sanctioned. In the case at bar appellant was represented by retained counsel almost four months prior to trial. Two months before trial that attorney was permitted by the court to withdraw and appellant was given the opportunity to hire another attorney. When his case came on for trial two months later, appellant still had not hired another attorney. Just as a defendant represented by appointed counsel should not be allowed to manipulate his right to counsel by waiting until the day of trial to reject his appointed counsel, so also should a defendant who is able to retain counsel and who has retained counsel not be permitted to manipulate his right to counsel by appearing on the day of trial without having hired an attorney.

The author of the majority opinion and I agreed on this general principle in *Thomas v. State*, supra, and I am at a loss to understand why he has apparently abandoned that recently stated position in the factual context of the instant case. If the issue is to be decided on the merits, the indications in the record of manipulation of the right to counsel should dictate denial of relief on this ground of error. For this reason, I dissent to reversal of the conviction.

Alternatively, I dissent to disposition of the issue on the merits because of the incomplete state of the record and the belated assertion of the issue by appellant.

The only transcribed reporter's notes in the record before us show part of the proceedings on the day of trial. The docket sheet reflects five appearances prior to trial. At the first three appellant was represented by counsel. On the fourth date, September 11, 1975, counsel withdrew with leave of court. On September 25 appellant again appeared without counsel. No record is before us of the proceedings on those dates.

The claim of denial of the right to counsel was first raised in the appeal brief. Consequently, the State has not been given an opportunity to rebut appellant's claim of a violation of the right to counsel. Although appellant did file a motion for new trial, no assertion of a violation of the right to counsel was voiced therein. This Court does know from the docket sheet that the case was passed on September 11 in order to allow appellant to retain counsel, yet we do not know whether proper warnings and admonitions were given to appellant at that time. This Court also knows from the docket sheet that the case was passed for a jury trial on September 25, when appellant was not represented by counsel, yet again we do not know whether proper warnings and admonitions were given on that occasion. We also know that appellant did hire one attorney to represent him at trial, and that he is represented by retained counsel now.

I dissent to reversal of this conviction because the record before us is insufficient to determine the issue. If appellant's right to counsel has been violated, he can pursue this claim collaterally. In that manner the State would be given an opportunity to challenge the claim and this Court would be presented with a complete record upon which to determine the issue.

In view of the majority's disposition of this issue on the merits despite the incomplete state of the record, pro se defendants may secure "automatic" reversal by presenting an incomplete record to this Court and claiming a right to counsel violation. The State, on the other hand, would be well-advised, in view of today's decision, to request inclusion of *all* proceedings in the record on any appeal from a pro se defendant's conviction and to secure an agreed

statement (Art. 40.09(14), V.A.C.C.P.), or bill of exception (Art. 40.09(6), V.A.C.C.P.), to show any admonishments, warnings or waivers occurring at proceedings where no court reporter was present in such a case. Only by such diligence may the State protect itself against being bushwhacked by a pro se defendant's potential claim for the first time on appeal that no such admonishment, warning or waiver was made.

Appellant's contention should be overruled on grounds of manipulation of the right to counsel or, alternatively, the issue should not be reached on the merits. For these reasons, I dissent.

DOUGLAS, J., joins in this dissent.