Robert R. TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 53785.

Court of Criminal Appeals of Texas.

Sept. 21, 1977.

Russ W. Henrichs, Dallas, for appellant.

Gene Knize, County Atty. and Constance Smith McGuire, Asst. County Atty., Waxahachie, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of unlawfully carrying a handgun. See V.T.C.A. Penal Code, Sec. 46.02. Punishment was assessed by the jury at ninety days in jail and a fine of five hundred dollars.

■■■ The question presented in this case is whether appellant, who is represented by retained counsel on appeal, voluntarily and knowingly made a waiver of his right to counsel and that he represented himself without the obligatory warnings and admonishments. See *Barbour v. State*, Tex.Cr.App., 551 S.W.2d 371. It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed. See *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Ex parte Herrin*, Tex.Cr.App., 537 S.W.2d 33; *Walker v. State*, Tex.Cr.App., 486 S.W.2d 330. However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Barbour v. State*, supra; *Thomas v. State*, Tex.Cr.App., 550 S.W.2d 64; *Parker v. State*, Tex.Cr.App., 545 S.W.2d 151. To assure protection of so fundamental a right, courts indulge every

reasonable presumption against waiver of counsel. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State*, supra; *Thomas v. State*, supra. A heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Barbour v. State*, supra; *Ex parte Bird*, Tex.Cr.App., 457 S.W.2d 559.

■■■ The standard to determine waiver of the right to counsel was articulated in *Faretta v. California*, supra. The record must show the defendant is competent to waive right to counsel, and that he knowingly and intelligently has done so after being made aware of the advantages and disadvantages of self-representation so that the record shows "[that] he knows what he is doing and his choice is made with his eyes open." Id., 422 U.S. at 835, 95 S.Ct. at 2541; *Barbour v. State*, supra; *Webb v. State*, Tex.Cr.App., 533 S.W.2d 780. When an accused makes known his desire to represent himself, the question before the judge is not whether the defendant is professionally capable of acting as his own attorney, but whether the defendant understands the charges against him and is fully aware that he will be on his own in a complex area where experience and professional training are greatly to be desired.

The only evidence reflected in the record concerning appellant's waiver of right to counsel and decision to represent himself at trial is contained in the judgment of the trial court and the court's remarks made during the punishment stage of the trial. The judgment recites in pertinent part:

"On the 17th day of December, 1975, this cause was called for trial, the State appeared by her County Attorney, and the Defendant, Robert R. Trevino, appeared in person, after having been informed at Court appearances on November 25, 1975, and again on December 15, 1975, of his right to representation by counsel and the date of trial, and further prior to trial having been found not to be too poor to employ counsel. The Defendant, Robert

R. Trevino, having been duly arraigned, pleaded not guilty to the information herein and a jury, to-wit: Michael V. Greenlee and five others, was duly selected, impaneled and sworn, who having heard the evidence submitted, and having been duly charged by the Court, and after argument of counsel retired to consider of their verdict, and afterwards returned into open Court in due form of law the following verdict, which was received by the Court, and is here now entered upon the minutes, to-wit:

" 'We, the Jury, find the Defendant Guilty.' "

■ The court's remarks made during the punishment phase bearing on appellant's waiver are as follows:

"MR. TREVINO: Everything I bring up, Your Honor, seems to be cut short. I don't know the law—

"THE COURT: Okay. Do you have any more questions of this man?

"MR. TREVINO: Yes, sir.

"THE COURT: All right.

"Q (By Mr. Trevino): On December the 5th, were you on duty?

"A I can't recall. If I had a calendar—I probably could have been, if it was on Monday or Tuesday, I was.

"MR. TREVINO: Your Honor, I don't know. I asked for assistance before this trial started—

"THE COURT: Excuse me. Ladies and gentlemen, members of the jury, if you would go with the bailiff outside here, and we will call you back in just a second.

"(Whereupon the jury left the Courtroom, and the following proceedings were had:)

"THE COURT: Now, you listen to me, Mr. Trevino. Today, you have tried the Court's patience as long as I'm going to let you. Now, you don't have an attorney, because of your fault. You had two months, three Court appearances plus saying you were going to represent yourself, until today we got this jury up here. Now, I instructed you this morning not to belabor the point in front of this jury."

\* \* \* \* \* \*

"THE COURT: Do you understand about this lawyer business?

"MR. TREVINO: Yes, sir.

"THE COURT: Do you understand it's your fault you don't have an attorney? You had over two months and three Court appearances, plus a Court appearance Monday. Every time I encouraged you to get one. You said, 'No, I'm going to do it myself,' until you get up in front of this jury, then you want a lawyer.

"Don't try to tell me that. So, we are going to finish this trial without any more of that, unless you just want to see how far I will go.

"MR. TREVINO: Your Honor?

"THE COURT: I have been very patient with you today.

"MR. TREVINO: I try to do my best. I'm trying to do my best. I'm not a bar, you know, I tried to locate one, which I believe I tried to call one. I don't know. I tried to call my attorney. Your Honor, let me ask you this.

"THE COURT: I don't want to hear another word about this attorney business. You go out yesterday and try to hire you an attorney for this morning, and he calls me last evening. Now, that's absurd. It's your own fault you don't have a lawyer. Quit scuffing your heels about it and apologize for it."[1]

■ The court's judgment and remarks tend to establish that appellant, having been found not to be indigent, was in-

---

1. We do not condone appellant's attempt to delay trial by his decision on the eve of trial to forego self-representation and retain counsel. Had the record in the instant case reflected appellant's knowing and intelligent waiver of his right to counsel, he would not be heard to complain on appeal of being forced to trial without counsel, as such a complaint is obviated by his attempt to manipulate his right to counsel. See *Rodriguez v. State*, Tex.Cr.App., 530 S.W.2d 944; *White v. State*, Tex.Cr.App., 496 S.W.2d 642.

formed by the court of his right to employ counsel, which he waived in order to represent himself. Such proof, however, fails to establish that appellant's waiver was "intelligent," or that appellant was made aware of the dangers and disadvantages of self-representation.[2] As we observed in *Ex Parte Auten*, Tex.Cr.App., 458 S.W.2d 466, quoting from *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1952) as follows:

"Presuming waiver from a silent record is impermissible. The record must show or there must be an allegation and evidence which show, that an accused was offered counsel, but intelligently and understandingly rejected the offer. Anything less is not waiver."

The record not being sufficiently developed to show that appellant knowingly and intelligently waived his right to counsel after being made aware of the advantages and disadvantages of self-representation, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

ODOM, J., dissents.

---

2. See and compare the colloquy between the court and the accused in *Davis v. State*, Tex.Cr. App., 398 S.W.2d 940 and *Barbour v. State*, 551 S.W.2d 371.