**Benny GOODMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55693.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1979.

Rehearing Denied Jan. 9, 1980.

Benny Goodman, pro se.

Henry M. Wade, Dist. Atty., Maridell J. Templeton and Ron N. Poole, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

ONION, Presiding Judge.

## OPINION ON STATE'S MOTION FOR REHEARING

Our prior opinion on original submission is withdrawn.

This appeal was taken from a conviction for reckless conduct of placing another in imminent danger of serious bodily injury. V.T.C.A., Penal Code, § 22.05. The punishment was assessed by the court at confinement in the county jail for ten (10) days and at a fine of $50.00.

On original submission the panel opinion upheld appellant's contention that the proof was insufficient to sustain the conviction. On rehearing the State attacks the holding. Upon reconsideration, we observe an unassigned ground of error that should be considered "in the interest of justice," Article 40.09, § 13, V.A.C.C.P., and overrule this State's motion for rehearing.

The record reflects that the appellant, who was not licensed to practice law, represented himself. Just how this self-representation came about is not shown by this record. At the commencement of the trial, the transcription of the court reporter's notes reflect the following:

"THE COURT: Let the record reflect that Benny Goodman, the accused in this case, is representing himself, pro se in this matter. Furthermore, let the record reflect that Mr. Goodman is not an attorney licensed by the Supreme Court of the State of Texas to practice in the courts of the State of Texas. Furthermore, I have apprised the Court (sic) prior to the trial that I must, pursuant to the Code of Criminal Procedures, Constitution of the

State of Texas, hold Mr. Goodman to the same standard of conduct, same knowledge with regard to procedure on substance of law that I would hold an attorney.

"Mr. Goodman expressed to me that he understood that he must abide by the same code of conduct, is obliged to follow the same procedural subject as a licensed attorney would follow were he practicing in this Court.

"Is that correct, Mr. Goodman?

"MR. GOODMAN: Yes, sir."

This is all we find in the record regarding self-representation. And we find no investigation into indigency. Further, the record does not reflect any warning to appellant as to the wisdom or practical consequences of the choice of appellant representing himself.

In *Barbour v. State*, 551 S.W.2d 371, 372–373 (Tex.Cr.App.1977), this court wrote:

"It is well settled that the Fourteenth Amendment to the United States Constitution extends to the states as a matter of due process the Sixth Amendment provision of the same Constitution that in all criminal prosecutions the accused shall enjoy the right to the assistance of counsel for his defense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976), and cases there cited. The constitutional right is applicable to both felony [*Gideon v. Wainwright*, supra] and misdemeanor cases [*Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)]. Article I, § 10, of the Texas Constitution also provides for the right to counsel for an accused in a criminal prosecution. These provisions have been interpreted as requiring the appointment of counsel where the accused is indigent. *Gideon v. Wainwright*, supra; *Argersinger v. Hamlin*, supra. The appointment of counsel for indigents is also required by statute. See Article 26.04, Vernon's Ann.C.C.P.

"It is well established that an accused may waive his right to counsel. *Argersinger v. Hamlin*, supra; *Webb v. State*,

supra; *Ex parte Ross*, 522 S.W.2d 214 (Tex.Cr.App.1975); *Smith v. State*, 513 S.W.2d 586 (Tex.Cr.App.1974); *King v. State*, 473 S.W.2d 43 (Tex.Cr.App.1971); *Carey v. State*, 455 S.W.2d 217 (Tex.Cr.App.1970); *Sanchez v. State*, 454 S.W.2d 210 (Tex.Cr.App.1970). For a waiver of counsel to be valid, it must be voluntarily and knowingly made. *Parker v. State*, 545 S.W.2d 151, 155 (Tex.Cr.App.1977); *Ex parte Ross*, supra; *Webb v. State*, supra; *Smith v. State*, supra; *Lewis v. State*, 501 S.W.2d 88 (Tex.Cr.App.1973).

"Waiver may be defined as 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waiver of the right to counsel will not be presumed from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Ex parte Auten*, 458 S.W.2d 466 (Tex.Cr.App.1970); *Baker v. State*, 519 S.W.2d 648 (Tex.Cr.App.1975); *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App. 1976). A waiver will not be 'lightly inferred,' and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst*, supra. And a heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Ex parte Bird*, 457 S.W.2d 559 (Tex.Cr.App.1970).

"In *Argersinger v. Hamlin*, supra, the United States Supreme Court wrote:

" 'We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.'

"In light of the record before us, we cannot conclude from the evidence that an affirmative waiver is reflected or that the State sustained the heavy burden which rests upon it to demonstrate such a waiver. See *Parker v. State*, supra.

"It has, of course, been held in this State that a trial court may not force an accused to accept an attorney if he wishes to waive representation and defend himself. *Webb v. State*, supra, and cases there cited. And the United States Supreme Court in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. The court noted as it did in *Adams v. United States ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed.2d 268 (1943), that the Sixth Amendment right to assistance of counsel implicitly embodies a 'correlative right to dispense with a lawyer's help.'

"In *Faretta* the Court wrote:

" 'When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits . . . Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." '

"In *Webb v. State*, supra, this court stated:

" 'When an accused makes known his desire to represent himself, the court should take care to ascertain that he fully understands the consequences of waiving his right to representation of counsel and proceeding to represent himself.'

"In the instant case, not only does the record fail to reflect a voluntary and knowing waiver of the right to counsel, retained or appointed, but the record does not reflect that the appellant was made aware of the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that his choice was made with his 'eyes open.' "

Like *Barbour*, the record in the instant case fails to show a voluntary and knowing waiver of the right to counsel, retained or appointed, and also fails to reflect appellant was made aware of the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that his choice was made with his "eyes open." For the failure of the record to so reflect, reversal is mandated. *Barbour v. State*, supra; *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977); *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978); *Robles v. State*, 577 S.W.2d 699 (Tex.Cr. App.1979).

Our panel opinion on original submission is withdrawn. The State's Motion for Rehearing is overruled. The judgment is reversed and cause remanded.