**Sterling FLEMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14-81-222-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1982.

Russell T. Van Keuren, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for attempted murder wherein the punishment was assessed at ten (10) years in the Texas Department of Corrections. The imposition of sentence was suspended and appellant was accorded adult probation for ten years. We affirm.

The sufficiency of the evidence is not challenged. Appellant brings forward three points of error. In his first point of error, appellant complains of the trial court's alleged error in failing to adequately warn him of the dangers of self-representation. In his second point of error, appellant asserts that the trial court erred in refusing his request to call a character witness. Finally, appellant's third point of error concerns the trial court's alleged error in failing to advise him of his right to have his jury argument recorded by the court reporter.

A brief description of the facts is necessary to determine the merits of appellant's first point of error. The conviction from which this appeal is based resulted from a retrial of appellant's case because the first trial ended in a mistrial. It is undisputed that at the first trial, appellant was represented by counsel. As appellant correctly points out, the record first submitted on appeal does not contain any evidence of the trial judge's admonition to appellant before the second trial of the dangers of self-representation. However, at a hearing on the State's motion to withdraw approval of the record for insufficiency on the admonition, appellant testified that prior to the commencement of the second trial, he had told the judge that he wanted to represent himself. The testimony further showed that the judge had offered to appoint appellant an attorney but appellant responded that were he to hire one, he would pay for the attorney himself. In addition to the discussion between appellant and the trial judge

concerning the appointment of an attorney, the following ensued:

Q   Didn't this Court reset this trial at one time to give you a chance to get a lawyer?

A   Well—uh—they might have had been done that way, yes, sir.  Some things I didn't understand, you know.

Q   When I brought—when I brought you into Chambers, sir—

A   Yes, sir.

Q   —didn't I tell you that you—the probability of your being convicted was greater if you represented yourself?

A   Yes, sir, I remember you saying that.

Q   Did I ask you as to whether or not you had any legal training?

A   Uh, yes, sir, I guess so.

Q   Did I try to explain to you at that time the various procedures that we would be going through in addition to the fact that we had already been through a trial of this same manner?

A   Uhm, well now the—Will you explain that again?  Explain that again, please?

Q   Did I explain to you—

A·  Uh—huh.

Q   —the various procedures that we would be going through whether or not you had an attorney?

A   Uh, I remember you saying that—uh—I couldn't say anything that—that—uh—I wanted to say I believe.  That's what I believe.  But you—we—you did say that—uh—uh—that—uh—you—In other words, you wanted me to have an attorney I believe, yes.

At the conclusion of that hearing, the trial judge stated that the proceedings of that morning further supplemented the record and that if the defense so chose, it could file a supplemental brief.  The record reflects that no supplemental brief was filed by the defense.

■ It is well established that when an accused chooses to represent himself at trial, the trial court should admonish him regarding the wisdom and practical consequences of that choice.  *Webb v. State*, 533

S.W.2d 780 (Tex.Crim.App.1976). The appellant must be made aware of all the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that his choice was made with "eyes open." *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Goodman v. State*, 591 S.W.2d 498 (Tex.Crim.App.1980); *Barbour v. State*, 551 S.W.2d 371 (Tex.Crim.App. 1977). Although the accused has a constitutional right in both felony and misdemeanor cases to the assistance of counsel for his defense, he also has a right to waive that right. *Goodman, supra; Webb, supra.* However, that waiver must be voluntarily and knowingly made. Several factors used in determining whether the waiver of the right to counsel was knowing and intelligent are the appellant's age, occupation, educational background or previous court experience. *Lisney v. State*, 574 S.W.2d 144 (Tex.Crim.App.1978). In the case before us, we find appellant's choice to waive appointed counsel and to represent himself was knowingly and willingly made. Accordingly we overrule appellant's first point of error.

In his second point of error, appellant complains that the trial court erred in refusing his request to offer his son as a character witness. The judge stated to appellant that calling a character witness would only be appropriate if defendant's character had been put into issue. We need not decide the appropriateness of appellant's request. This is because appellant neither objected to the court's refusal at that time nor did he make a bill of exceptions containing the testimony which would have been offered. Consequently, because the trial court's error, if any, was only harmless, appellant's second point of error is overruled.

Appellant complains in his third point of error of the trial court's alleged error in not advising him of the right to request that jury argument be recorded by the court reporter. See Tex.Rev.Civ.Stats. Ann. art. 2324 (1971). He asserts that because he is a layman the trial court should

have advised him of his rights. We disagree. When an accused decides to appear at trial pro se, he is still required to follow the rules of evidence, procedure, and substantive law. *Williams v. State*, 549 S.W.2d 183 (Tex.Crim.App.1977). The admonitions given to him by the court concerning self-representation should apprise him of the consequences of his appearing at trial without counsel. It is not the trial judge's duty to educate the accused in the laws of this State. Appellant's third point of error is without merit and is thus overruled.