**Franklin D. MURPHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66976.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 26, 1983.

Ronald Ned Dennis, Marshall, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary; the punishment, which is enhanced by two prior felony convictions, is imprisonment for life.

The appellant represented himself in the trial of this case and there is no explanation concerning self-representation in the record except for the court's "Order," an instrument, in which the court after a hearing held the appellant's confession to be admissible. That order commences as follows:

"During the course of this trial, Franklin Murphy acting as attorney in his own behalf, and Ned Dennis the attorney appointed by the Court to assist the defendant, objected to admission of the written statement of the defendant, where upon the trial court excused the Jury, . . . ."

The appellant, who had several prior convictions and could not have had a license to practice law, represented himself throughout the trial. He acted as his own counsel at the pretrial hearing, in selecting the jury, in cross-examining the State's witnesses, and in argument before the jury. The record leaves no doubt the appellant was acting as his own counsel and was in control of the defense even though at times

he was given some advice and assistance by "standby counsel."

This was a rather complicated case in which the appellant was charged with a burglary of the County Treasurer's Office of Harrison County. It was committed while he was in jail on other charges. Questions were raised concerning a change of venue and the appellant's confession. The State relied on accomplice witness' testimony, and the appellant attempted to raise questions about the prior convictions used for enhancement of punishment. The appellant had not timely subpoenaed witnesses whom he wished to testify in his defense; he rested with the State.

The record, as it relates to self-representation, in this case, in which the appellant was charged with a far more serious offense than was the defendant in *Goodman v. State,* 591 S.W.2d 498 (Tex.Cr.App.1980), is more deficient than the record was in that case; and what was said in that case is even more applicable here.

"... Just how this self-representation came about is not shown by this record...."

"... [W]e find no investigation into indigency. Further, the record does not reflect any warning to appellant as to the wisdom or practical consequences of the choice of appellant representing himself."

"Like *Barbour* [*Barbour v. State,* 551 S.W.2d 371 (Tex.Cr.App.1977)] the record in the instant case fails to show a voluntary and knowing waiver of the right to counsel, retained or appointed, and also fails to reflect appellant was made aware of the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that his choice was made with his 'eyes open.' For the failure of the record to so reflect, reversal is mandated. *Barbour v. State,* supra; *Trevino v. State,* 555 S.W.2d 750 (Tex.Cr.App.1977); *Jordan v. State,* 571 S.W.2d 883 (Tex.Cr.App.1978); *Robles v. State,* 577 S.W.2d 699 (Tex.Cr. App.1979)."

Since the record in this case fails to show a voluntary and knowing waiver of the right to counsel, retained or appointed, and also fails to reflect appellant was made aware of the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that his choice was made with his "eyes open," reversal is mandated.

The judgment is reversed and the cause is remanded.

TEAGUE, J., not participating.