Ernest A. BELL, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-85-287-CR.

Court of Appeals of Texas,
Austin.

June 10, 1987.

Walter C. Prentice, Austin, for appellant.

John W. Wied, Co. Atty., Raymond M. Espersen, Asst. Co. Atty., La Grange, for appellee.

Before SMITH\*, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Ernest A. Bell, III, was convicted by a jury of the offense of assault. Tex.Pen. Code Ann. § 22.01 (Supp.1987). Punishment was assessed by the jury at confinement in the Fayette County Jail for a term of 365 days and a fine of $2,000. A second jury trial, granted upon Bell's motion for new trial, again resulted in conviction, with punishment being assessed by the jury at confinement in the Fayette County Jail for 180 days and a fine of $1,000. We hold that the second trial was a nullity and will reverse the first conviction.

On March 30, 1985, Bell was arrested for public intoxication and disorderly conduct. He was transported to the Fayette County Jail where he allegedly struck a police officer. An information charging Bell with the offense of assault was filed on April 1, 1985. At the first trial Bell represented himself without assistance of counsel. As stated above, he was convicted and sentenced on June 5, 1985, to 365 days in jail and a $2,000 fine. On July 29, 1985, Bell wrote to the trial judge, apparently from jail, asking that he be found indigent and requesting a record of the proceedings "in order to begin appealing [his] case...." The letter was filed on August 16, 1985, and the judge signed an order appointing counsel to represent Bell that same day. On August 30, 1985, Bell's counsel filed a motion for new trial alleging that the verdict was contrary to the weight of the evidence, that Bell was denied assistance of counsel, and that there was evidence of jury misconduct. The court granted the motion for new trial on September 3, 1985. Bell was again convicted by a jury on Octo-

---

\* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code § 73.012 (Supp.1987).

ber 30, 1985, and he filed a timely notice of appeal to this Court.

■ A motion for new trial is required to be filed within 30 days after the date the sentence is imposed or suspended in open court. Tex.Code Cr.P.Ann. art. 40.05(a) (Supp.1985).[1] A trial court has no authority to hear a motion filed outside that time limit. *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979). Because Bell's motion for new trial was untimely, the county court was without jurisdiction to entertain it and the subsequent trial granted as a result is a nullity. *Ex parte Ybarra*, 629 S.W.2d 943 (Tex.Cr.App.1982).

■ The State argues that if the second trial is a nullity, this Court is without jurisdiction to hear an appeal from the first trial. In order for this Court to have jurisdiction of Bell's appeal from his first conviction, Bell was required to give notice of appeal, orally or in writing, within 15 days after the date of sentencing. Tex.Code Cr.P.Ann. art. 44.08 (Supp.1985).[2] After the jury returned a verdict of guilty at the first trial, Bell stated in open court:

> ... And I request a transcripts [sic] of the trial so that I may begin preparation of my new trial.

A notice of appeal is "sufficient if it shows the desire of the defendant to appeal from the judgment." Article 44.08(a). Bell's words were sufficient to express his dissatisfaction with the jury's verdict and his desire to appeal his conviction and were, therefore, sufficient to confer jurisdiction upon this Court.[3]

By his fifth point of error, Bell complains of the trial court's failure to sufficiently admonish him with respect to his decision to represent himself during his first trial.

■ The Sixth Amendment to the Constitution of the United States and Article 1, § 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. This right may be waived if the defendant chooses to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A waiver of the right to counsel, however, will not be lightly inferred and the courts will indulge every reasonable presumption against the validity of such a waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr. App.1977).

■ Under *Faretta*, a valid waiver of counsel requires that: (1) the waiver be knowingly and intelligently made; and (2) the accused be made aware of the dangers and disadvantages of self-representation. *Geeslin v. State*, 600 S.W.2d 309 (Tex.Cr. App.1980); *Goodman v. State*, 591 S.W.2d 498 (Tex.Cr.App.1980). Furthermore, the trial court's admonition and the defendant's affirmative waiver must appear of record. *Geeslin v. State, supra.*

■ The only evidence of admonition and waiver in the record of this cause is the following exchange in the statement of facts:

THE COURT: You understand that this is a court proceeding. In this proceeding, the procedure will go like this: The State will present its case. In other words they will call all of their witnesses. As they call each witness and they conclude direct examination, you have a right to cross-examine each of these witnesses. You understand that? You will have a turn in which to do that. Is that clear?

MR. BELL: Yes, sir.

THE COURT: You understand how that works?

MR. BELL: Yes, sir.

1. Repealed by Acts 1985, 69th leg., ch. 685, § 4. See Tex.R.App.P.Ann. 31 (Supp.1987).

2. Repealed by Acts 1985, 69th Leg., ch. 685, § 4. See Tex.R.App.P.Ann. 40(b), 41(b) (Supp.1987).

3. Bell's notice of appeal is effective to confer jurisdiction on this Court even though it was given before sentencing. It is deemed to have been filed on the date of but subsequent to the judgment of conviction. Tex.R.Civ.P.Ann. 306c (Supp.1986). Rule 306c has been held to govern proceedings in the courts of appeals in criminal cases. Tex.Cr.App.R. 211 (Supp.1987) (repealed effective September 1, 1986); *Panelli v. State*, 709 S.W.2d 655 (Tex.Cr.App.1986). *See also* Tex.R.App.P.Ann. 41(c), effective September 1, 1986 (Supp.1987).

THE COURT: Have you been involved in courtroom proceedings before?

MR. BELL: Yes, sir.

THE COURT: Okay. After the State concludes its case, and they make the statement, the State rests, then you will have an opportunity to present your case, which means that you may call witnesses, you may testify yourself if you choose to. You have a constitutional right which guarantees you the right to not have to testify. Do you understand that?

MR. BELL: Yes, sir.

THE COURT: Okay. Do you have any questions about anything before we proceed?

MR. BELL: I would just like to know about the other nine constitutional rights.

THE COURT: About what?

MR. BELL: Do I have the right to those, too?

THE COURT: The right to what?

MR. BELL: Well, there are ten amendments for the Bill of Rights and I was just wondering if I had the rights of those, too.

THE COURT: Well, the first ten amendments to the Constitution are, in fact, the Bill of Rights.

MR. BELL: Well, yes, sir, that's what I just said.

THE COURT: No. You said there are ten amendments to the Bill of Rights. That's not true. Anyway, you have all the rights that are guaranteed to any citizen in these court proceedings.

MR. BELL: Thank you.

THE COURT: Do you understand all of those rights, or do you think you understand them?

MR. BELL: Yes, sir.

THE COURT: Okay. Any time you're not sure, please conduct yourself in a proper manner. Once we begin and bring the jury in, I expect you to adhere to all the court rules and all the court decorum. You understand that?

MR. BELL: Yes, sir.

Under the standards of *Faretta* and *Geeslin,* the above colloquy shows neither a knowing and intelligent waiver by the defendant of his right to counsel nor an adequate admonition by the court of the dangers and disadvantages of self-representation. We sustain Bell's fifth point of error.

 By his second point of error, Bell challenges the sufficiency of the evidence to support the allegation in the information that Bell struck the complaining witness with his "fist." We overrule this point. Bell asked the complaining witness on cross-examination:

Q: Did I hit you with my fist?

A: Yes, sir.

From this and other testimony, a jury could reasonably conclude that Bell hit the officer with his fist and not with some other instrument.

Because of our disposition of this appeal, we do not reach the remaining points of error. The judgment is reversed and the cause is remanded to the trial court.