IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-282-CR





GEORGE ORTIZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY,



NO. 82,301, HONORABLE R. L. BLANN, JUDGE 



 




 Appeal is taken from a conviction for the misdemeanor offense of driving while
intoxicated. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (Supp. 1991). Trial was before the court
upon a plea of not guilty and punishment, enhanced by a prior conviction under article 6701l-1,
was assessed at fifteen days confinement and a fine of $300.

 Appellant urges a single point of error, complaining that the trial court erred in
proceeding to trial when appellant was not represented by an attorney as guaranteed by the United
States and Texas Constitutions. See U.S. Const. amend. VI; Tex. Const. art. I, § 10. We reject
appellant's contention and affirm the trial court's judgment.

 Defendants in misdemeanor cases are entitled to counsel if there exists a possibility
that imprisonment may be imposed. Argersinger v. Hamlin, 407 U.S. 25 (1972). A defendant
may waive his right to counsel, but if he so chooses, the decision must be knowingly and
intelligently made. Tex. Code Crim. Proc. Ann. art. 1.051 (Supp. 1991); Farretta v. California,
422 U.S. 806 (1975).

 Article 1.051(g) provides for a form to be furnished the defendant if the court
determines the defendant has voluntarily and intelligently waived counsel. Tex. Code Crim. Proc.
Ann. art. 1.051 (Supp. 1991). In Burgess v. State and Archie v. State, the court held that it was
not necessary to secure a written waiver of the right to counsel under article 1.051(g) before
proceeding to trial if the court has made the necessary inquiries of the defendant in order that it
may make "an assessment of his knowing exercise of the right to defend himself." Burgess v.
State and Archie v. State, Nos. 711-90 & 1090-90, Slip. op. at 5 (Tex. Crim. App., Sept. 18,
1991) (consolidated on appeal) (citing Faretta, 422 U.S. at 836).

 The record is before us without a transcription of the court reporter's notes. There
is no suggestion that appellant requested a court reporter in the trial court. Nor is there any claim
that appellant was indigent at any stage of the proceedings.

 The information charges the instant offense occurred on or about April 14, 1990,
and further alleges that appellant was convicted of a like offense on January 20, 1982. The docket
sheet reflects that on May 17, 1990, arraignment was reset for June 13, 1990. However, an
instrument entitled "admonishments and waivers by defendant," signed and verified before a
notary public by appellant, dated May 17, 1990, contains all of the requirements set forth in the
form in article 1.051(g). The instrument reflects that appellant had been advised by the court of
his right to be represented by counsel, that counsel would be appointed for him if he was
financially unable to employ counsel, that he understood his right to counsel, and that he wished
to waive that right and proceed with the case. In addition, the instrument contains waivers of the
rights to trial by jury, to remain silent, confrontation of witnesses and, further, a judicial
confession of appellant's guilt. Appellant executed an identical "admonishment and waiver" form
on September 13, 1990, except that it does not contain a judicial confession of guilt. This
instrument is signed by the prosecutor consenting to appellant's waivers and stipulations before
the "Entry of the Defendant's Plea of Not Guilty."

 The instrument dated May 17 has a handwritten notation at the bottom, "Earlier
waiver signed by mistake -- Def. changed plea to not guilty." The September 13 document bears
a handwritten notation signed by the court, "Judge finds knowing intelligent waivers" and reflects
a date of October 24, 1990.

 The docket sheet reflects an entry on October 24, 1990, that states: "Discussed
situation with the Def., finished 11th grade Marble Falls, Texas, pled guilty to court on DWI
before -- court finds knowing intelligent waiver of right to atty." The docket sheet further shows
that appellant entered a plea of not guilty, the court's finding of guilty, and assessment of
punishment and sentence.

 Appellant asserts that the court's written findings reflect that the court found that
appellant had signed both waivers by mistake and, upon his entry of a plea of not guilty on
October 24, the court called the case for trial without affording appellant an opportunity to retain
counsel or prepare for trial.

 The notation, "earlier waiver signed by mistake -- Def. changed plea to not guilty,"
appears on the waiver dated May 17. The September 13 waiver contains the handwritten notation
signed by the court stating, "Judge finds knowing intelligent waivers." We do not construe the
court's notations to reflect a finding that the September 13 waiver was signed by mistake. The
prosecutor's approval of the September 13 waivers by appellant before he entered a plea of not
guilty, and the subsequent issuance of a subpoena at the prosecutor's request for a witness to
appear at the trial on October 24, 1990, further reflect the absence of any ambiguity about the
notation on the waivers. We reject appellant's contentions that the court found that appellant
executed both waivers by mistake and appellant did not decide to enter a plea of not guilty until
October 24 when the case proceeded to trial.

 Appellant asserts that the record is silent as to whether he made a knowing and
intelligent waiver of his right to be represented by counsel. A defendant may waive counsel if
such waiver is voluntarily and knowingly made. Trevino v. State, 555 S.W.2d 750, 751 (Tex.
Crim. App. 1977). Waiver of counsel may not be presumed from a silent record. Hooper v.
State, 557 S.W.2d 122 (Tex. Crim. App. 1977).

 Defendant must be "aware of the dangers and disadvantages of self representation,
so that the record will establish that he knows what he is doing and his choice is made with his
eyes open." Faretta, 422 U.S. at 835; see Johnson v. State, 760 S.W.2d 277, 278 (Tex. Crim.
App. 1988). A court need not follow a "formulaic questioning" or "script" to assure itself that
an accused who has asserted his right to self-representation does so with his "eyes open."
Blankenship v. State, 673 S.W.2d 578, 583 (Tex. Crim. App. 1982). Defendant's age,
educational background, and legal experience are matters that are relevant in making a
determination as to whether a defendant is making an intelligent and knowing decision to waive
counsel. Renfro v. State, 586 S.W.2d 496, 500 (Tex. Crim. App. 1979). In Ex parte Ross, 522
S.W.2d. 214, 222 (Tex. Crim. App. 1975), the court concluded that it is proper to consider the
defendant's age and previous experience with criminal proceedings in determining whether the
waiver of counsel by knowingly and intelligently made.

 The record contains the State's trial exhibits reflecting that appellant was born on
January 6, 1956, and in addition to the conviction alleged in the information, had previously been
convicted for driving under the influence of liquor, resisting arrest, and larceny. The judgment
of conviction used for enhancement of punishment reflects that appellant waived the right to
representation by counsel in that cause.

 While the May 17 waiver executed by appellant apparently incorrectly reflected his
desire to enter a plea of guilty, that document along with the instrument signed by appellant on
September 13 reflects appellant's intention to waive the right to be represented by counsel. 
Appellant's age, his educational background, and prior convictions are circumstances that reflect
that appellant knew what he was doing and made his choice with his "eyes open."

 We conclude that the record supports the trial court's finding that appellant made
a knowing and intelligent waiver of counsel. Appellant's point of error is overruled.

 The judgment is affirmed.



 Tom G. Davis, Justice


[Before Chief Justice Carroll, Justices Kidd and Davis*]

Affirmed

Filed: November 27, 1991

[Do Not Publish]

































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).