**Order filed January 15, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00462-CR
_____

**BRENT JUSTICE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385768**

---

## ORDER

Appellant filed a motion to proceed pro se on appeal. On November 27, 2018, we abated this appeal and ordered the trial court to hold a hearing to determine (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) whether appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (5) whether appellant is fully

aware of the dangers and disadvantages of self-representation. *See Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim. App. 1986); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976); *Trevino v. State*, 555 S.W.2d 750 (Tex. Crim. App. 1977).

The trial court held the hearing and found that appellant desires to prosecute his appeal, to discharge his appointed attorney, and to proceed pro se. The trial court further found that appellant's decision to waive assistance of counsel was voluntarily and knowingly made and appellant is fully aware of the dangers and disadvantages of representing himself.

Based on the trial court's findings, we order as follows:

1. The appeal is reinstated.

2. Appellant's motion to proceed pro se, filed October 24, 2018, is **GRANTED**.

3. Appellant is ordered to file a brief or a motion for extension of time to file a brief by **February 14, 2019**.

## ADMONITION TO APPELLANT REGARDING FAILURE TO TIMELY FILE A BRIEF

Texas Rule of Appellate Procedure 38.8(b)(1) states that a court of appeals may not dismiss the appeal or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing already has been held and the trial court already has found that appellant desires to prosecute his appeals, voluntarily and knowingly waives the right to counsel, and is fully aware of the dangers and disadvantages of representing himself. Despite the text of Rule 38.8(b), under binding precedent, this court may consider this appeal without briefs if appellant does not timely file a pro se brief. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone when appellant failed to file a pro se brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App. —Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(l)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs when a pro se appellant has not timely filed a pro se brief, without any requirement of any of the trial court findings set forth in current Rule 38.8(b)(4)). **Therefore, if appellant fails to comply with this order, we will decide this appeal upon the record before the court.**

PER CURIAM