**Corrected Abatement Order filed August 14, 2019**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-18-00009-CR**
**NO. 14-18-00010-CR**
**NO. 14-18-00021-CR**

_____

**STEVEN KURT BAUGHMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1532840, 1423420, 1423421**

## CORRECTED ABATEMENT ORDER

Appellant is represented by appointed counsel, Nicholas Mensch. On July 11, 2019, appellant's counsel filed motions to withdraw as counsel and to allow appellant to proceed pro se for the remainder of his appeals. On July 10, 2019, appellant filed pro se motions to extend time to file motions for rehearing.

1

When a criminal appellant waives his right to appointed counsel, he waives many traditional benefits associated with the right to counsel. Before an appellant may dismiss appointed counsel and proceed pro se, the waiver must be "knowingly and intelligently" made. *See Faretta v. California*, 422 U.S. 806 (1975).

In *Martinez v. California*, 528 U.S. 152 (2000), the United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction. 528 U.S. at 154–62. The Court added, however, that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *Id.* at 161–62. In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *Id.*

This court has adopted the standard established in *Martinez,* and we review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the State. *See Hadnot v. State*, 14 S.W.3d 348, 349 (Tex. App. Houston [14th Dist.] 2000) (order). In this case, appellant and trial counsel are in apparent disagreement regarding the motions for rehearing.

WE ORDER the judge of the 174th District Court, to immediately conduct a hearing at which appellant, appellant's attorney, and state's counsel shall be present to determine: (1) whether appellant desires to further prosecute his appeals; (2) whether appellant wishes to discharge his appointed attorney and proceed with his pro se motions for rehearing; (3) whether the waiver of assistance of counsel is

2

made voluntarily, knowingly, and intelligently; (4) whether appellant's decision to proceed pro se is in the best interest of appellant and of the state; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation. *See Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim. App. 1986); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976); *Trevino v. State*, 555 S.W.2d 750 (Tex. Crim. App. 1977).

WE FURTHER ORDER the judge of the 174th Court, to have a court reporter present to prepare a reporter's record. The reporter's record, and a supplemental clerk's record containing the trial court's findings, shall be filed with the clerk of this court on or before **August 29, 2019**.

The appeals are abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.


PER CURIAM


Panel Consists of Justices Wise, Zimmerer, and Spain.

3