**Motion Granted; Abatement Order filed December 6, 2022**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00472-CR
_____

**ROBIN EARL FRAZIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1739706**

## ABATEMENT ORDER

Appellant is represented by appointed counsel, Ted Wood. On November 18, 2022, counsel filed a motion to abate this appeal for a hearing in the trial court to consider appellant's request to dismiss his appointed attorney and proceed pro se on appeal. When a criminal appellant waives his right to appointed counsel, he waives many traditional benefits associated with the right to counsel. Before an appellant may dismiss appointed counsel and proceed pro se, the waiver must be

"knowingly and intelligently" made. *See Faretta v. California*, 422 U.S. 806 (1975).

In *Martinez v. California*, 528 U.S. 152 (2000), the United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction. 528 U.S. at 154-62. The Court added, however, that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *Id.* at 161-62. In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *Id.*

This court has adopted the standard established in *Martinez,* and we review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the State. *See Hadnot v. State*, 14 S.W.3d 348, 349 (Tex. App. Houston [14th Dist.] 2000) (order). According to counsel, appellant is dissatisfied with the brief filed on his behalf, wants counsel dismissed as his lawyer on appeal, and prefers to proceed pro se on appeal. We grant the motion and issue the following order.

WE ORDER the Judge of the 232nd District Court, to immediately conduct a hearing at which appellant, appellant's attorney, and state's counsel shall be present to determine: (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) whether appellant's decision to proceed pro se is

in the best interest of appellant and of the State; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation. *See Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim. App. 1986); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976); *Trevino v. State*, 555 S.W.2d 750 (Tex. Crim. App. 1977).

WE FURTHER ORDER the Judge of the 232nd District Court to have a court reporter present to prepare a reporter's record. The reporter's record, and a supplemental clerk's record containing the trial court's findings, shall be filed with the clerk of this court **on or before January 5, 2023.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel Consists of Justices Wise Jewell, and Poissant.