**Paul Norman PRIVETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0015–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1982.

Rehearing Denied April 8, 1982.

---

**2.** *Ex parte Eiland,* 420 S.W.2d 955 (Tex.Cr.App. 1967).

**3.** *Ex parte Jackson,* 616 S.W.2d 625 (Tex.Cr. App.1981).

David R. Bires, Houston, for appellant.

Paul Norman Privett, pro se.

Larry Urquhart, Calvin A. Hartmann, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of aggravated robbery and after a finding of "True" by the jury to the two enhancement paragraphs alleged in the indictment, an automatic life sentence was assessed. Appellant, acting pro se, conducted his defense.

The appellant in his first ground of error complains of the trial court permitting appellant to represent himself without a valid waiver of counsel.

Due to the nature of appellant's contention, we deem it unnecessary to set forth with particularity the facts and circumstances surrounding the offense with which he was charged. Suffice it to say, that after hearing the evidence presented by the State, the jury found the appellant guilty of robbing Elizabeth Reed at gunpoint while she was working at a grocery store in Houston, Texas, on October 26, 1976.

A pre-trial motion was filed on December 27, 1978, by the appellant entitled "Notice that he will not accept George Schilter as attorney and request for competent counsel." The appellant had been represented at a previous trial of this cause by Mr. George Schilter, a court-appointed attorney. At a pretrial hearing on February 5, 1979, the appellant expressed dissatisfaction with the services of Mr. Schilter. The following colloquy between the court and the appellant occurred at the hearing:

The Court: And this is the first time that you brought it to this court's attention that you wished to dismiss your attorney; is that correct?

The Defendant: Your Honor, in February of 1977, two years ago, this month, I raised the issue at that time, and you told me I would either go to trial with him or by myself, and that January the 31st, 1978, on my objections to the record, I requested that be placed in the appellate record and you denied it. This has been brought up previously.

Mr. Schilter: And it was denied by the court Your Honor.

▮ The court proceeded to question appellant and develop facts concerning his background. The record reflects that appellant had obtained the equivalent of 90 hours of college work while previously at the Department of Corrections, and had the opportunity to review law books while awaiting trial. The court further explained to the appellant his right to counsel and his right to have counsel stand by in the event he represented himself. The defendant declined to have Mr. Schilter as stand-by counsel, but requested the assistance of a fellow inmate, which was denied by the court. The court did appoint Mr. Manuel Leal as stand-by counsel after voir dire of the jury was completed. However, the delayed appointment of stand-by counsel would not cure any error in the initial acceptance of the waiver of counsel.

On the date of trial, April 2, 1979, further colloquy on the subject of counsel transpired:

The Court: The court has made it known to you and has appointed counsel to represent you but has assured you that it would be at no cost to you, and you have made it known to this Court that it's your desire that you represent yourself; it that correct?

Mr. Privett: Yes, sir. Because I did not want that counsel. That is that specific counsel.

The Court: That specific counsel was who?

Mr. Privett: George L. Schilter.

The Court: Yes. And the Court has made known to you that Mr. Schilter has practiced law for several years; it that correct?

Mr. Privett: Yes, sir.

The Court: And made known to you that he is likewise a certified specialist in the practice of criminal law; is that right?

Mr. Privett: I wasn't aware of that till now.

The Court: Well, I am telling you now that he is. Do you understand that?

Mr. Privett: Yes, sir.

The Court: And knowing that there are a number of disadvantages to a layperson attempting to represent himself, however, the law provides that the Court has to abide by your wishes. Do I understand that it is your desire and your wish that you represent yourself?

Mr. Privett: Yes, sir. Rather than—

The Court: Rather than have Mr. Schilter?

Mr. Privett: Yes, sir.

At the State's urging the court again developed information for the record concerning the defendant's background. The trial judge then made the following statement for the record:

The Court: All right. It appears to the Court that the Defendant has a strong *feeling that he does not want Mr. Schilter, and he is intelligent, and it's his desire to represent himself if we can't have some other counsel,* (emphasis added) and it's the Court's responsibility to at least conduct a trial in some semblance of order, and to allow a defendant to have a choice of counsel would make it practically impossible for any court to proceed in any systematic way.

So with your insistence that you want to represent yourself, knowing full well, realizing all of the many disadvantages and dangers and pitfalls that attaches to a layperson attempting to represent himself, this Court is going to allow you to proceed to represent yourself.

Mr. Privett: Thank you, Your Honor.

It is well settled that the fourteenth amendment to the United States Constitution extends to the States as a matter of due process the sixth amendment provision that in all criminal prosecutions the accused shall enjoy the right to the assistance of counsel for his defense. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976), and cases there cited. Article 1, section 10 of the Texas Constitution also provides for the right to counsel in a criminal prosecution.

■ This right to counsel may be waived. The court in *Lisney v. State*, 574 S.W.2d 144 (Tex.Cr.App.1978) and *Renfro v. State*, 586 S.W.2d 496 (Tex.Cr.App.1979), stated succinctly the applicable rules regarding waiver of counsel:

> On the issue of waiver of counsel, this court stated in *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978): "However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1925); *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr. App.1977); *Thomas v. State*, [550 S.W.2d 64 (Tex.Cr.App.1977)]. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. *Thomas v. State*, supra; *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976). In *Faretta v. California*, supra, the Supreme Court held that the record should reflect that the defendant waived his right to counsel only after being made aware of the advantages and disadvantages of self-representation so that it is clear that he 'knows what he is doing and his choice is made with eyes open.' 422 U.S. at 835, 95 S.Ct. at 2541."

■ In *Thomas v. State*, supra, the Court of Criminal Appeals held that a request for other counsel is not a waiver of the right to counsel. The court stated that where the accused is not satisfied with appointed counsel and cannot show adequate cause for the appointment of different counsel, in the absence of a voluntary and intelligent waiver of counsel by the appellant, he should be required by the court to accept appointed counsel and not be required to represent himself merely on the basis of his dissatisfaction with appointed counsel. The defendant does not have the right to appointed counsel of his choice, but must accept counsel assigned by the court, unless he effectively waives right to counsel in order to represent himself, *Faretta v. California*, supra, or can show adequate reason for appointment of different counsel. See, *Gonzales v. State*, Tex.Cr.App., 532 S.W.2d 343.

Another case similar to the present case was *Renfro v. State*, 586 S.W.2d 496, in which the court stated:

> "Although the appellant, upon the court's inquiry, stated that he wished to represent himself, it is abundantly clear from the record as previously set forth that the appellant's decision to do so was based solely on the court's refusal to appoint different counsel and not because he wished to forego his right of representation."

■ A waiver of the right to counsel will not be "lightly inferred" and the courts will indulge every reasonable presumption against the validity of such a waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977).

■ As in *Renfro, Thomas*, and *Robles v. State*, 577 S.W.2d 699 (Tex.Cr.App.1979), the trial court's response to the appellant's dissatisfaction with his counsel was to give the appellant the choice of (1) continuing with the same counsel, or (2) representing himself. This response was, in effect, a Hobson's choice, designed to force the appellant to continue with the same counsel or else represent himself, the latter alternative being the one elected by the appellant.

Furthermore, not only does the record in the present case fail to demonstrate a voluntary and unconditional waiver of the right to counsel, it also fails to show that the appellant's decision to represent himself was made after being made aware of the disadvantages of self-representation.

The State argues that the court "substantially complied" with the warnings of disadvantages involved; however, a heavy burden rests with the prosecution to demonstrate a knowing waiver of the right to counsel. *Ex Parte Bird*, 457 S.W.2d 559 (Tex.Cr.App.1970), *Robles v. State*, supra, *Geeslin v. State*, Tex.Cr.App., 600 S.W.2d 309.

■ The trial court did warn the appellant that the law was "intricate", that "There are many dangers because of the technicalities involved", and "you are treading on dangerous ground". The use of vague, general admonishments, without reference to specific disadvantages and dangers, add little to the appellant's decision-making process. The defendant should be made aware that there are technical rules of evidence and procedures that he will be obligated to comply with and that he will not be granted any special consideration because of his lack of formal training in law. *Campbell v. State*, 606 S.W.2d 862 (Tex.Cr.App.1980); *Trevino v. State*, supra. As stated in *Webb*, "The trial court should admonish an accused who desires to represent himself regarding the wisdom and the *practical* consequences of that [desire]." *Webb v. State*, 533 S.W.2d at 785. The admonishment of the trial judge in *Geeslin v. State*, supra, and also in *Martin v. State* No. 59,074 (Tex.Cr.App. Nov. 25, 1981) (not yet reported) was more specific than of the court in the present case, but was nevertheless held insufficient on appeal. The trial judge in those cases informed the defendant he would be expected, as would a lawyer, to follow the rules of evidence and procedure.

In the present case, the trial court gave the defendant no direct admonishment that he would be bound by the rules of evidence and procedure, and that no special consideration would be given because of his lack of formal training in the law. Also, the defendant was not warned of any of the practical consequences of waiver of counsel. See *Faretta*, 422 U.S. at 833, n. 43, 95 S.Ct. at 2540, n. 43, viz:

(1) he may forego any error possibly existing in the indictment or other instrument charging him with an offense;

(2) his lack of evidentiary knowledge and experience will necessarily lead to the waiver of errors in the admission and exclusion of evidence;

(3) he thus may be convicted upon incompetent, irrelevant or otherwise inadmissible evidence;

(4) he faces the danger of conviction, though he be not guilty, because he does not know how to establish his innocence;

(5) in all but an extraordinary small number of cases, an accused who undertakes self representation, will lose whatever defense he may have. *Faretta*, 422 U.S. at 838, 95 S.Ct. at 2543;

(6) he specifically foregoes the right to the *effective* assistance of counsel, and may not be heard later to complain on this ground. *Faretta*, 422 U.S. at 834, n. 46, 95 S.Ct. at 2541, n. 46;

(7) in the sense that assistance of counsel is essential to a fair trial and due process of law, he likewise relinquishes those guarantees. *Faretta*, 422 U.S. 833, n. 43, 95 S.Ct. at 2540, n. 43; and

(8) he loses other benefits such as selection of an impartial jury, a fair final argument by the State, errorless instructions to the jury including any defensive issues.

As in *Geeslin v. State*, supra, there was evidence showing that appellant had previous experience with criminal proceedings, but there was no showing that appellant had ever before waived his right to representation as in *Hawkins v. State*, 613 S.W.2d 720, 728 (Tex.Cr.App.1981). Nor was there a finding that his prior experience was sufficient to show capacity for waiver. *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978).

The appellant's first ground of error must be sustained.

We have reviewed the grounds of error involving speedy trial and jeopardy contained in the appellant's pro se brief and find no merit in the allegations affecting a re-trial.

The judgment of the trial court is reversed and the cause is remanded.

## MOTION FOR RE-HEARING

Appellant, pro se, has filed a motion for re-hearing. In it he objects to this Court's summary dismissal of the pro se grounds of error contained in APPELLANT'S PRO SE SUPPLEMENTAL BRIEF SPECIFYING

ERROR OF WHICH APPELLANT COMPLAINS ON APPEAL.

As authority for appellant's ability to file his supplemental brief, he cites 1965 Tex. Gen.Laws, ch. 722. art. 44.33, at 517 (Now, Tex.Code Crim.Pro.Ann. art. 44.13 Vernon Supp. 1982, which now states in part:

"... After the record is filed in the Court of Appeals or the Court of Criminal Appeals the parties may file such supplemental briefs as they may desire before the case is submitted to the court."

Appellant, on re-hearing, specifically relies on his pro se grounds of error one and five. Ground of error one states: "[T]he conviction herein must be reversed because appellant had (sic) been previously acquitted of the offense alleged and the instant conviction was thus obtained in violation of appellant's right to be free from being twice placed in jeopardy for the same offense."

■ Appellant's argument is two-fold. First, he argues that in the first trial of this prosecution, Cause Number 254,250, the State abandoned one count of the indictment, that alleged an attempted capital murder, after the jury was impanelled and sworn, but before the reading of the second count of the indictment, that alleged an aggravated robbery and which arose out of the same transaction. As argued by appellant, by abandoning the attempted capital murder count after the jury was sworn, jeopardy attached to it and appellant could never be re-tried for the attempted capital murder. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

Next, appellant argues that because the aggravated robbery was a lesser included offense of attempted capital murder, the acquittal for attempted capital murder operates as a bar, or jeopardy, to the "subsequent" prosecution for the lesser offense of aggravated robbery. Thus, appellant argues, his prosecution in Cause Number 254,-250 for aggravated robbery (after already being acquitted for attempted capital murder) violated double jeopardy. Likewise, the re-prosecution for aggravated robbery in Cause Number 262,454 would be barred by double jeopardy.

Appellant is aware of *Forsberg v. United States*, 351 F.2d 242 (9th Cir. 1965), cert. denied 383 U.S. 950, which distinguishes between circumstances where a defendant is indicted, tried, and acquitted for a greater offense, but then re-indicted and re-tried for some lesser included offense, and cases where a defendant is indicted and tried under a two-count indictment that alleges a greater and lesser included offense, is acquitted of the greater, convicted of the lesser (or the jury is unable to agree on the lesser), and is later re-tried for the lesser included offense (after the conviction is reversed or a mistrial ordered). The court in *Forsberg* noted that only in the latter situation may the defendant be retried.

Appellant seeks to circumvent this distinction, however, by arguing that because he was "acquitted" of the greater offense (by the State's abandonment) before the second count of the indictment was read to the jury (but after jeopardy attached due to the jury already being sworn), he was somehow "tried and acquitted" of the greater offense in a "prior prosecution" before being prosecuted for the lesser offense. Appellant concedes that if the State had read both counts of the indictment to the jury but only submitted the lesser offense for their deliberation, jeopardy would not have attached to the lesser offense and he could later be retried for the lesser offense.

Appellant confuses the act of prosecuting a defendant for a lesser offense under a new indictment (after prosecution and acquittal for a greater offense based on a prior indictment) with the simultaneous prosecution of a defendant under a two count indictment that alleges both a greater offense and a lesser included offense before the same jury. Appellant directs our attention to *Castillo v. State*, 530 S.W.2d 952 (Tex.Cr.App.1976), for the proposition that a jury trial does not begin in Texas until the indictment is read to the jury. If this be true, appellant argues, then he was indicted, jeopardy attached to the attempted murder prosecution, (by swearing in the

jury), and he was acquitted thereon before his trial ever commenced for aggravated robbery (by reading the aggravated robbery count to the jury).

▪ Aside from *Castillo* being neither persuasive nor analogous, appellant's argument overlooks the reasoning behind the double jeopardy rules. A defendant has a "... valued right to have his trial for an offense completed by a particular tribunal." *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). Appellant was charged with two distinct offenses arising from the same chain of events. "... [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). By this test, appellant's two criminal violations constitute but one offense. However, what double jeopardy prohibits is not a prosecution for a lesser included offense based on an indictment that also alleges the greater offense, but which greater offense has previously been abandoned during the same trial and before the same jury; rather, double jeopardy prohibits a subsequent trial on a lesser offense (with a new jury) after the defendant has been previously tried and acquitted for the greater offense. Appellants first ground of error in the motion for rehearing is accordingly overruled.

The final ground of error raised in appellant's motion for re-hearing alleges: "the conviction herein must be set aside because the evidence presented to the jury is not sufficient, as a matter of law, to support the verdict of guilty of aggravated robbery." Appellant argues that the State failed to offer evidence that a "deadly weapon" was used or exhibited during the robbery. Appellant concedes that the victim testified to seeing appellant display what she termed a "gun" or a "pistol" during the robbery, but appellant argues this is legally insufficient to show use of a firearm.

▪ This Court will affirm the judgment of the trial court if there is any evidence which, if believed by the jury, would support the conviction. The court in *Wright v. State,* 591 S.W.2d 458 (Tex.Cr. App.1980), faced this identical argument. It stated: "[t]estimony using any of the terms 'gun', 'pistol' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon was used." *Id.* at 459.

Appellant's second ground is overruled and appellant's motion for re-hearing is denied.