TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00362-CR






Keith Blakemore, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0955111, HONORABLE LARRY FULLER, JUDGE PRESIDING







 As the result of an altercation and shooting involving the appellant, Keith Blakemore, and
the victim, Gerardo Martinez, appellant was indicted for (I) attempted capital murder, (II) aggravated
robbery, (III) attempted murder, (IV) aggravated assault, and (V) deadly conduct. See Tex. Penal Code
Ann. §§ 15.01, 19.02, 19.03, 22.02, 22.05, 29.03 (West 1994). At trial, the State abandoned the
charges of (I) attempted capital murder and (V) deadly conduct. A jury acquitted appellant of (II)
aggravated robbery, but convicted him of (III) attempted murder and (IV) aggravated assault. The jury
further found that appellant used a deadly weapon, namely a firearm, in committing the offenses. The jury
assessed punishment at twenty years of imprisonment for each count. Appellant's motion for new trial was
denied without a hearing. Appellant's sole point of error (1) complains of ineffective assistance of counsel due
to trial counsel's failure to request a self-defense instruction. We will affirm the trial court's conviction.


BACKGROUND


 On the afternoon of September 26, 1995, Martinez was in his back yard when a yellow
Cadillac carrying a driver and appellant as passenger pulled up in front of his house. Appellant entered
Martinez's back yard and an altercation ensued. The two men struggled over a gun, shots were fired, and
both Martinez and appellant were shot and injured. The State presented testimony from Martinez which
established that after appellant entered Martinez's back yard, appellant pulled out a .38 caliber handgun
and said to Martinez, "[g]ive me the wallet or I'll shoot you." Martinez testified that when he refused to
hand over his wallet and ran into his kitchen, appellant chased him into the house and shot him. Martinez
testified that he then punched appellant in the face, wrestled the gun away from appellant, and shot
appellant twice. Martinez's account was substantially corroborated by the testimony of Joseph Zambrano,
a neighbor who first heard a gun shot and then heard Martinez yelling and cursing at someone inside his
home. Both appellant and Martinez were treated at Brackenridge Hospital.

 Although appellant did not testify on his own behalf at trial, he attempted, through cross
examination of the State's witnesses, to establish that this incident was not a robbery, but rather, the result
of a drug transaction gone awry. In this regard, police officers testified that the driver of the Cadillac had
$1,400 in cash in his possession when he was arrested at the hospital. The driver also told officers that he
was given this money by appellant while on the way to the hospital from Martinez's house. This testimony
would seem to corroborate appellant's characterization of the event as a failed drug transaction rather than
a robbery.

 Appellant also established inconsistencies between the testimony of Martinez's wife, Ruby
Delgado, and the testimony of both Joseph Zambrano and Martinez. Delgado testified that she heard
appellant and Martinez arguing and fighting in the kitchen, followed by the sound of gunshots. When
Delgado went to the kitchen, she saw Martinez and appellant struggling for control of a gun. Delgado's
testimony that she only heard gunshots after she heard fighting contradicts the testimony of Martinez and
Zambrano. Delgado's testimony can be seen as further corroboration of appellant's contention that this was
a drug transaction. However, whether the episode was a drug transaction or a robbery is not relevant to
the crucial issue of self-defense.

 The relevant questions that pertain to the self-defense issue are the identity of: (1) the
aggressor and (2) the owner of the gun. The inconsistencies in the record are irrelevant to these pivotal
questions. Delgado did not see who first produced the gun, nor did she see who fired any of the shots she
heard from inside the house. In fact, Delgado and Martinez both testified that they did not own a gun, and
a search of their house and Martinez's car after the event did not reveal any illegal weapons or ammunition. 
Therefore, while appellant raised inconsistencies which may corroborate his account of the event as a failed
drug transaction, none of the inconsistencies in the record controvert Martinez's testimony that appellant was
both the aggressor and the owner of the gun.


DISCUSSION


 Appellant's sole point of error is that he received ineffective assistance of counsel due to trial
counsel's failure to request an instruction on self-defense. The burden of proving ineffective assistance of
counsel is on the appellant and requires proof by a preponderance of the evidence. Cannon v. State, 668
S.W.2d 401, 403 (Tex. Crim. App. 1980). In determining whether trial counsel's performance was
deficient, judicial scrutiny must be highly deferential. In Strickland v. Washington, 466 U.S. 668 (1984),
the Supreme Court held that, to show ineffective assistance of counsel, a convicted defendant must satisfy
two requirements. First, the defendant must show that counsel's performance was deficient to the extent
that counsel failed to function as the counsel guaranteed by the Sixth Amendment; i.e., counsel's
performance fell below a minimum objective level of reasonableness under prevailing professional norms. 
Id. at 686. Second, the defendant must also show prejudice; i.e., but for counsel's unprofessional errors,
the result of the proceeding would have been different. Id. at 686. Unless a defendant makes both
showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that
renders the result unreliable. Id. at 687. Texas adopted the Strickland test in Hernandez v. State, 726
S.W.2d 53 (Tex. Crim. App. 1986). See O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin
1992, no pet.).

 The State contends that on this record appellant was not entitled to an instruction on self-defense. The self-defense statute provides that a person is justified in using force against another when and
to the degree he reasonably believes the force is immediately necessary to protect himself against the other's
use or attempted use of unlawful force. Tex. Penal Code Ann. § 9.31(a) (West 1994). The use of force
against another is not justified if the actor provoked the other's use or attempted use of unlawful force. Id.
§ 9.31(b)(4). No evidence was presented at trial of any use or attempted use of unlawful force by Martinez
which would be the basis of a reasonable belief on appellant's part that he needed to act in self-defense. 
Indeed, the uncontroverted testimony indicates that, irrespective of whether this was a robbery or a drug
deal, appellant was the aggressor. No evidence contradicts the fact that appellant was the first to shoot and
that Martinez was the first to be wounded. Since Martinez denied being the owner of the gun and there was
no evidence to the contrary, Martinez's testimony stands uncontroverted that appellant was in possession
of the gun and that appellant pulled the gun on Martinez. Trial counsel argued that appellant's shooting of
Martinez arose out of a mutual altercation, an accident, or self-defense. However, since there was no
evidence to support a theory of self-defense, there is nothing to indicate that appellant would have been
entitled to an instruction on self-defense had one been requested. In fact, it would have been error for the
court to grant an instruction for which there was no evidence. Therefore, appellant has not met the second
prong of Strickland because he has not shown that harm resulted from his trial counsel's failure to request
a self-defense instruction.

 Furthermore, in determining whether an appellant has met the Strickland test, a reviewing
court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. See Strickland, 466 U.S. at 689. The appellant bears the burden of proof on both
prongs of the Strickland test. See Cannon, 668 S.W.2d at 403. "The defendant must overcome the
presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 
Strickland, 466 U.S. at 689; See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In
other words, the record presented to the reviewing court must rebut the presumption of reasonable
professional assistance. Jackson, 877 S.W.2d at 771. In the present case, a motion for new trial was filed
and denied without a hearing. Thus, appellant has not brought to this Court any evidentiary record showing
the reasons for his attorney's actions, and we are not permitted to speculate on trial counsel's strategy. Due
to the absence of evidence concerning trial counsel's reasons for his actions, we are unable to conclude that
his performance was deficient. See Id. at 771. While this Court cannot speculate on trial counsel's reasons
for failing to request a self-defense instruction, we conclude that it cannot be ineffective assistance of counsel
to fail to request an instruction to which a defendant is not entitled. The record in the instant case does not
rebut the presumption of effectiveness afforded to trial counsel's decisions. See Id. at 772 (Baird, J.,
concurring).


CONCLUSION

 Having overruled appellant's sole point of error, we affirm the conviction.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 13, 1997

Do Not Publish

1.   Appellant submitted a pro se supplemental brief to this Court wherein he raised a double jeopardy
point of error. While we note that there is no constitutional right in Texas to hybrid representation, partially
pro se and partially by counsel, we will consider the point. Landers v. State, 550 S.W.2d 272 (Tex.
Crim. App. 1976). Appellant argues that when the State dismissed the greater offense of attempted capital
murder, the principle of double jeopardy required that the other counts of the indictment also be dismissed
and further prosecution be barred. There is no legal basis for this assertion. The State's election to
abandon the count of attempted capital murder does not raise double jeopardy implications. Double
jeopardy does not prohibit prosecution for a lesser included offense when the greater offense upon which
the lesser included offense is based has been abandoned during the same trial and before the same jury;
rather, double jeopardy prohibits a subsequent trial on a lesser offense (with a new jury) after the defendant
has previously been tried and acquitted of the greater offense. Privett v. State, 635 S.W.2d 746, 752
(Tex. App.--Houston 1982, pet. ref'd).


wounded. Since Martinez denied being the owner of the gun and there was
no evidence to the contrary, Martinez's testimony stands uncontroverted that appellant was in possession
of the gun and that appellant pulled the gun on Martinez. Trial counsel argued that appellant's shooting of
Martinez arose out of a mutual altercation, an accident, or self-defense. However, since there was no
evidence to support a theory of self-defense, there is nothing to indicate that appellant would have been
entitled to an instruction on self-defense had one been requested. In fact, it would have been error for the
court to grant a