COURT
OF APPEALS

                  SECOND
DISTRICT OF TEXAS

                           FORT
WORTH

 

 

                                        NO.
2-04-544-CR

 

 

SANTRELL PAYNE                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
INTRODUCTION

A jury convicted Appellant Santrell Payne of assault
with bodily injury of Leon Tubbs.  In his
sole point on appeal, Payne contests the legal sufficiency of the evidence in
support of his conviction.  We affirm.

 








II. 
BACKGROUND FACTS

Payne was acquainted with Tubbs due to the
ten-year common-law marriage between Tubbs and Payne=s
mother.  On December 22, 2003, after
Tubbs and Ms. Payne arrived home, Tubbs attempted to use their cordless phone
but was unable to locate it in the house. 
After about an hour of searching, Tubbs noticed that Payne had walked
into the house and was using the cordless phone.  When Tubbs asked Payne why he had taken the
phone, Payne began cussing at Tubbs. 
Tubbs told Payne he was leaving and walked to the back of the house to
retrieve his glasses and hat.  As Tubbs
walked back to the front of the house to leave, Payne struck him in his left
eye with the phone.  After Tubbs fell to
the floor from the blow, Payne kicked and struck him three more times.  Tubbs then left the home intending to drive
to the Forest Hill Police Department.  En
route, Tubbs saw a police officer in the McDonald=s
parking lot and pulled into the parking lot to seek help.  The police officer called EMS to treat Tubbs
and then took a statement from Tubbs at the police station. Tubbs then went to
the hospital where he spent the next four-and-one-half days and underwent two
operations on his eye. 

III.  LEGAL
SUFFICIENCY 








Payne complains that the evidence is legally
insufficient to sustain his conviction. 
Specifically, he complains that his conviction should be reversed.  Payne contends that Tubbs was inconsistent in
describing how his injury occurred.[2]  He also argues that his mother, who testified
that Tubbs instigated the fight, is a more credible witness than Tubbs and that
her version of the events should be believed rather than Tubbs=s. 








In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d
618, 620 (Tex. Crim. App. 2004).  This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  We do not assess the credibility of the
witnesses on each side because the trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000); Ex parte Elizonda, 947 S.W.2d 202, 205 (Tex Crim. App.
1996).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








At trial, Tubbs identified Payne as the assailant
who hit him in the left eye with a cordless phone and then kicked him and hit
him three more times.  Tubbs also
testified that as a result of the injury he can no longer see out of his left
eye.  Officer Downey of the Forest Hill
Police Department testified that he spoke to Tubbs shortly after the incident
and observed that one of Tubbs=s eyes
was very swollen and that Ablood
[was] pouring down over it.@  Officer Downey stated that Tubbs told him
that his son had struck him in the face. 
The officer also testified that Tubbs=s injuries
were consistent with his explanation of their cause.  This is evidence that Payne assaulted Tubbs
and caused bodily injury.  The jury was
free to believe Tubbs=s version of the events and
disbelieve Ms. Payne=s.  See Cain v. State, 958 S.W.2d
404, 410 (Tex. Crim. App. 1997).  After
viewing all of the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found, beyond a reasonable
doubt, that Payne committed the offense of assault.  See Privett v. State, 635
S.W.2d 746, 752 (Tex. App.CHouston
[1st Dist.] 1982, pet. ref=d) (op.
on reh=g).

IV. 
CONCLUSION

Accordingly, we hold that the evidence was
legally sufficient to support Payne=s
conviction.  We overrule Payne=s point
and affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL F:    MCCOY, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  September 29, 2005

 

 











[1]See Tex. R. App. P. 47.4.





[2]One hospital record
states that Tubbs was injured by a cordless phone that was thrown at
him, while another states that Tubbs was hit in the left eye with a
phone.