Payne v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-544-CR

SANTRELL PAYNE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  INTRODUCTION

A jury convicted Appellant Santrell Payne of 
assault with bodily injury of Leon Tubbs.  In his sole point on appeal, Payne contests the legal sufficiency of the evidence in support of his conviction.  We affirm.

II.  BACKGROUND FACTS

Payne was acquainted with Tubbs due to the ten-year common-law marriage between Tubbs and Payne’s mother.  On December 22, 2003, after Tubbs and Ms. Payne arrived home, Tubbs attempted to use their cordless phone but was unable to locate it in the house.  After about an hour of searching, Tubbs noticed that Payne had walked into the house and was using the cordless phone.  When Tubbs asked Payne why he had taken the phone, Payne began cussing at Tubbs.  Tubbs told Payne he was leaving and walked to the back of the house to retrieve his glasses and hat.  As Tubbs walked back to the front of the house to leave, Payne struck him in his left eye with the phone.  After Tubbs fell to the floor from the blow, Payne kicked and struck him three more times.  Tubbs then left the home intending to drive to the Forest Hill Police Department.  En route, Tubbs saw a police officer in the McDonald’s parking lot and pulled into the parking lot to seek help.  The police officer called EMS to treat Tubbs and then took a statement from Tubbs at the police station. Tubbs then went to the hospital where he spent the next four-and-one-half days and underwent two operations on his eye. 

III.  LEGAL SUFFICIENCY 

Payne complains that the evidence is legally insufficient to sustain his conviction.  Specifically, he complains that his conviction should be reversed.  Payne contends that Tubbs was inconsistent in describing how his injury occurred.
(footnote: 2)  He also argues that his mother, who testified that Tubbs instigated the fight, is a more credible witness than Tubbs and that her version of the events should be believed rather than Tubbs’s. 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  We do not assess the credibility of the witnesses on each side because the trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon
 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000);
 
Ex parte Elizonda
, 947 S.W.2d 202, 205 (Tex Crim. App. 1996).  
Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

At trial, Tubbs identified Payne as the assailant who hit him in the left eye with a cordless phone and then kicked him and hit him three more times.  Tubbs also testified that as a result of the injury he can no longer see out of his left eye.  
Officer Downey of the Forest Hill Police Department testified that he spoke to Tubbs shortly after the incident and observed that one of Tubbs’s eyes was very swollen and that “blood [was] pouring down over it.”  Officer Downey stated that Tubbs told him that his son had struck him in the face.  The officer also testified that Tubbs’s injuries were consistent with his explanation of their cause.  This is evidence that Payne assaulted Tubbs and caused bodily injury.  The jury was free to believe Tubbs’s version of the events and disbelieve Ms. Payne’s.  
See
 
Cain v. State
, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).  After viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Payne committed the offense of assault. 
 
See
 
Privett v. State
, 635 S.W.2d 746, 752 (Tex. App.—Houston [1st Dist.] 1982, pet. ref’d) (op. on reh’g).

IV.  CONCLUSION

Accordingly, we hold that the evidence was legally sufficient to support Payne’s conviction.  We overrule Payne’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4
.

2:
One hospital record states that Tubbs was injured by a cordless phone that was 
thrown
 at him, while another states that Tubbs was 
hit
 in the left eye with a phone.