

IN THE
TENTH COURT OF APPEALS

No. 10-16-00042-CR

MICHAEL S. EDRINGTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-2368-C2

MEMORANDUM OPINION

A jury found Appellant Michael S. Edrington guilty of two counts of indecency with a child by sexual contact and assessed his sentence at eight years' incarceration. The trial court ordered the sentences to be served concurrently. Edrington appeals in two issues asserting that his convictions are barred by double jeopardy and that the trial court gave an erroneous charge to the jury at the punishment phase. We will affirm.

## *Double Jeopardy*

The State proceeded to trial on three counts: Count One charged Edrington with continuous sexual abuse of his daughter, and Counts Two and Three charged him with indecency by sexual contact.[1] The dates in Counts Two and Three were included within the range of dates alleged in Count One. After resting its case, the State waived Count One and proceeded only on Counts Two and Three. Edrington contends that because jeopardy had attached to Count One, his convictions on Counts Two and Three are barred because they are lesser included offenses.

We note at the outset that Edrington did not specifically raise a double jeopardy objection in the trial court.[2] Because of the fundamental nature of the double jeopardy protections, however, a double jeopardy claim may be raised for the first time on appeal or on collateral attack if two conditions are met: (1) the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record; and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). A claim is apparent on the face of the record if its resolution does not require additional proceedings for the purpose of introducing more evidence in support of it. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). There is no double jeopardy claim apparent from a review of the record

---

[1] The original indictment had one count and after amendment there were nine counts. At a pre-trial hearing, the State waived six counts and proceeded to trial on the remaining three.

[2] After the State waived prosecution on Count One, defense counsel noted: "And that jeopardy is attached as to Count I because they've rested. We do not object to their waiver of Count I, Your Honor."

in this case, and no additional proceedings will provide evidence to support such a claim

because there is no legal basis for Edrington's claim.

The Fifth Amendment to the United States Constitution provides that no person

"shall . . . be subject for the same offense to be twice put in jeopardy of life and limb. . . ."

U.S. CONST. amend. V.

> [T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial.

*Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). In other words,

the Fifth Amendment's prohibition against double jeopardy protects against: "1) a

second prosecution for the same offense after acquittal; 2) a second conviction for the

same offense after conviction; and 3) multiple punishments for the same offense." *Weinn*

*v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (citing *Brown*, 432 U.S. at 165, 97 S.Ct.

at 2225); *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990). "Conceptually, the

State and Federal double jeopardy provisions are identical." *Stephens*, 806 S.W.2d at 815;

*see Ex parte Busby*, 921 S.W.2d 389, 392 (Tex. App.—Austin 1996, pet. ref'd); *see also* TEX.

CONST. art. I, § 14. As noted, Edrington contends that the State's waiver of Count One

acted as an acquittal and, therefore, barred further proceedings on Counts Two and

Three.

Indecency with a child by sexual contact, and other predicate offenses under §

21.02(c) of the Penal Code, are construed as lesser-included offenses of continuous sexual

abuse if they involve the same complainant and the same dates. *See Price v. State*, 434 S.W.3d 601, 605-06 (Tex. Crim. App. 2014); TEX. PENAL CODE ANN. § 21.02(c) (West Supp. 2017).[3] If the State waives a continuous sexual abuse count after jeopardy has attached, a subsequent prosecution on that count, or any of its lesser-included offenses, is barred. *Price*, 434 S.W.3d at 605-06. Double jeopardy considerations also preclude multiple punishments if a defendant is convicted of both continuous sexual abuse and one of the predicate offenses in the same criminal proceeding. *Id.* However, the waiver or dismissal of a continuous sexual abuse charge from a multi-count indictment does not preclude the State from proceeding on other counts charging violations of the predicate offenses in the same criminal proceeding. *See Leos v. State*, No. 10-13-00417-CR, 2014 WL 5317774, at *2 (Tex. App.—Waco, Oct. 16, 2014, pet. ref'd) (mem. op., not designated for publication).[4] *Leos* differs from the present case only because the prosecutor in *Leos* abandoned two indecency with a child counts and proceeded on two counts of aggravated sexual assault of a child—the opposite of the present situation. However, the result is the same—double jeopardy does not act as a bar to conviction when counts are abandoned during the course of a single trial. *Id.* at *3.[5]

---

[3] Section 21.02 was amended subsequent to the dates charged in the indictment, but the amendments do not affect this appeal.

[4] Under Rule 47.7(a) of the Rules of Appellate Procedure, unpublished memorandum opinions not designated for publication have no precedential value but may be cited with the notation, "(not designated for publication)." Unpublished memorandum opinions are persuasive rather than binding precedent that the court may follow or reject. *See Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[5] As noted, multiple punishments are also precluded by double jeopardy. *See Price*, 434 S.W.3d at 609. The Legislature has precluded double jeopardy in punishment by providing that, in a single prosecution, a defendant may not be convicted of both continuous sexual abuse and any predicate offense listed in

As our sister court notes:

> Appellant confuses the act of prosecuting a defendant for a lesser offense under a new indictment (after prosecution and acquittal for a greater offense based on a prior indictment) with the simultaneous prosecution of a defendant under a two count indictment that alleges both a greater offense and a lesser included offense before the same jury.
>
> . . .
>
> Appellant was charged with two distinct offenses arising from the same chain of events. ". . . (W)here [sic] the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). . . . However, what double jeopardy prohibits is not a prosecution for a lesser included offense based on an indictment that also alleges the greater offense, but which greater offense has previously been abandoned during the same trial and before the same jury; rather, double jeopardy prohibits a subsequent trial on a lesser offense (with a new jury) after the defendant has been previously tried and acquitted for the greater offense.

*Privett v. State*, 635 S.W.2d 746, 751-52 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd).

"The main point is that jeopardy does not attach until the *first* case has become final, and on retrial of the same matter, *double* jeopardy is a defense." *Lewis v. State*, No. 14-98-01348-CR, 2001 WL 82921, at *7 (Tex. App.—Houston [14th Dist.] Feb. 1, 2001, no pet.) (op., not designated for publication) (citing *Privett*, 635 S.W.2d at 752).[6] The authorities cited by Edrington are inapposite because they deal with *subsequent* prosecutions or multiple

---

subsection (c) of § 21.02 of the Texas Penal Code unless the predicate offense occurred outside the period in which the continuous sexual abuse was committed. § 21.02(c). However, Edrington is not complaining about multiple punishments. Even if he has made such a complaint, it is not supported by the record. Edrington did not receive multiple punishments for the same offense.

[6] An unpublished opinion from a sister court also does not have precedential value and is not binding on this Court. *See Brock v. State*, 495 S.W.3d 1, 8 (Tex. App.—Waco 2016, pet. ref'd).

*punishments*, not *continuation* of the prosecution of a multi-count indictment after one count is waived or dismissed. Edrington's first issue is overruled.

## *"Knowingly" vs. "Intentionally"*

In his second issue, Edrington asserts that he was harmed because the jury charge included instructions and a definition of "knowing" when the statute requires a mens rea of "intentional." The State concedes that the trial court erred in including "knowingly" in the charge. The only issue before us, therefore, is whether Edrington was harmed by the trial court's error. Edrington did not object to the charge given by the trial court.

If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Brock*, 495 S.W.3d at . Conversely, if error was not preserved at trial by a proper objection, a reversal will be required "only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). "Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.*; *see also Riggs v. State*, 482 S.W.3d 270, 273 (Tex. App.—Waco 2015, pet. ref'd). In evaluating whether egregious harm has occurred, we assess the degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of probative evidence, the argument of counsel, and all other relevant information revealed by the record as a whole. *Riggs*, 482 S.W.3d at 273. To obtain a reversal for jury-charge

error, the appellant must have suffered actual harm, not merely theoretical harm. *Id*. at 274 (citing *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012)).

We have reviewed the entire record to determine whether Edrington suffered any actual harm as a result of the trial court's instructions. *See Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986). The record reflects that the issue of Edrington's intent was not contested at trial. Edrington denied ever touching his daughter in a sexual manner and his defense focused on his daughter's credibility. Consequently, throughout trial and during closing arguments, the parties focused on the credibility of the child victim, not on whether Edrington possessed the culpable mental state required to commit the offenses. *See Jones v. State*, 229 S.W.3d 489, 494 (Tex. App.—Texarkana 2007, no pet.) (although appellant's intent was part of State's required proof, it was not a contested issue and consequentially appellant could not be egregiously harmed by inclusion of definitions of both "knowing" and "intentional" in charge); *see also Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.) ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'"). Any harm suffered by Edrington as a result of the trial court's erroneous jury charge would, therefore, be purely theoretical and not actual. *See Reed v. State*, 421 S.W.3d 24, 30 (Tex. App.—Waco 2013, pet. ref'd).

Accordingly, on this record, we cannot conclude that the alleged charge error affected the very basis of the case, deprived Edrington of a valuable right, vitally affected any defensive theory, or made a case for conviction clearly and significantly more persuasive. *See Reed*, 421 S.W.3d at 30. We overrule Edrington's second issue.

Having overruled both of Edrington's issues on appeal, we affirm the judgment of the trial court.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 15, 2018
Do not publish
[CR25]

